FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 20, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANCY C., [1]<br><br>                    Plaintiff,<br><br>         v.<br><br>KILOLO KIJAKAZI,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | NO:  1:21-CV-3067-LRS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment.

ECF Nos. 15, 19.  This matter was submitted for consideration without oral

argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is

represented by Special Assistant United States Attorney Lars J. Nelson.  The Court,

having reviewed the administrative record and the parties' briefing, is fully

informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 15, is

granted and Defendant's Motion, ECF No. 9, is denied.

---

[1] Plaintiff's last initial is used to protect her privacy.

ORDER - 1

## JURISDICTION

Plaintiff Nancy C. (Plaintiff), filed for supplemental security income (SSI) on January 10, 2019, and alleged an onset date of April 10, 2012. Tr. 165-74. Benefits were denied initially, Tr. 98-101, and upon reconsideration, Tr. 112-18. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on September 3, 2020. Tr. 30-71. On October 8, 2020, the ALJ issued an unfavorable decision, Tr. 12-28, and on April 2, 2021, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 32 years old at the time of the hearing. Tr. 40. She went to school until the ninth grade. Tr. 40. She was in special education. Tr. 41. She testified that she does not read well. Tr. 40. Plaintiff testified she cannot work because she cannot be around people. Tr. 44. She is scared to be around people. Tr. 44. When she is around people, she has flashbacks to a traumatic event involving her brother. Tr. 44. She has panic attacks when she is around others. Tr. 46. She takes medication for PTSD. Tr. 48-49. She also has constant neck pain due to an accident. Tr. 49-50.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is

1    not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing

2    such work, the analysis proceeds to step five.

3        At step five, the Commissioner should conclude whether, in view of the

4    claimant's RFC, the claimant is capable of performing other work in the national

5    economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the

6    Commissioner must also consider vocational factors such as the claimant's age,

7    education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant

8    is capable of adjusting to other work, the Commissioner must find that the claimant

9    is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of

10   adjusting to other work, analysis concludes with a finding that the claimant is

11   disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

12       The claimant bears the burden of proof at steps one through four above.

13   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

14   step five, the burden shifts to the Commissioner to establish that (1) the claimant is

15   capable of performing other work; and (2) such work "exists in significant numbers

16   in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d

17   386, 389 (9th Cir. 2012).

18       A finding of "disabled" does not automatically qualify a claimant for

19   disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.)

20   When there is medical evidence of drug or alcohol addiction, the ALJ must

21   determine whether the drug or alcohol addiction is a material factor contributing to

the disability.  20 C.F.R. § 416.935(a).  It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability.  *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling.  20 C.F.R. § 416.935(b)(2).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since January 10, 2019, the application date.  Tr. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments:  history of chronic cervical strain, posttraumatic stress disorder, depressive disorder, and history of substance abuse.  Tr. 17.  At step three, the ALJ found that Plaintiff does not have an impairment that meets or medically equals the severity of a listed impairment.  Tr. 17.

The ALJ then found that Plaintiff has the residual functional capacity to perform medium work with the following additional limitations:

> she can lift and or carry 50 pounds occasionally and 25 pounds frequently; she can stand and walk 6 hours in an 8-hour workday; she can sit 6 hours in an 8-hour workday; she can frequently climb ramps, stairs, ladders, ropes, and scaffolds; she can frequently balance, kneel, crouch and occasionally stoop and crawl; she can frequently lift overhead with the bilateral upper extremities; she is limited to unskilled work that would be simple, routine and repetitive tasks in nature performed in a static environment that experience[s] few if any

work related changes; any changes that might occur would be gradually introduced and/or explained; she is limited to no strict time or strict fast paces quotas; and she is limited to occasional superficial interaction with others, superficial meaning no sales, no arbitration, negotiation, and no requirement to manage others.

Tr. 19.

At step four, the ALJ found that Plaintiff is capable of performing past relevant work.  Tr. 23.  Alternatively, at step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as industrial cleaner, dining room attendant, and housekeeper.  Tr. 24.  Thus, the ALJ found Plaintiff has not been disabled as defined in the Social Security Act since January 10, 2019, the date the application was filed.  Tr. 24.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act.  ECF No. 15.  Plaintiff raises the following issues for review:

1.    Whether the ALJ properly considered Plaintiff's symptom testimony;

2.    Whether the ALJ properly considered the medical opinion evidence;

3.    Whether the ALJ properly found Plaintiff has past relevant work; and

4.    Whether the ALJ should have assessed Plaintiff's literacy.

ECF No. 15 at 2.

ORDER - 8

# DISCUSSION

## A.    Symptom Testimony

Plaintiff contends the ALJ erred by improperly assessing her symptom testimony. ECF No. 15 at 6-13. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Plaintiff's impairments could reasonably be expected to cause some of her alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the evidence in the record. Tr. 20. Plaintiff contends the ALJ's reasons are insufficient.

The ALJ found that Plaintiff's mental health complaints are out of proportion to the objective medical evidence. Tr. 20-21. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ's reason is followed by bullet points noting purported examples of mental health complaints out of proportion to the objective medical evidence. However, even if all of these examples illustrate that the objective medical evidence does not support Plaintiff's mental health complaints, this reason cannot stand alone to discredit Plaintiff's symptom claims. *Id.* The ALJ gave no other reason for discrediting the degree of mental health limitations alleged, so the ALJ's reasoning is legally insufficient.

Next, the ALJ found that Plaintiff's physical complaints are consistent with a limitation to medium exertion. Tr. 21-22. However, the ALJ's reasoning is unclear. If the ALJ is crediting Plaintiff's testimony about her physical complaints, then it suggests those complaints are credible and this is not a reason for discounting her symptom claims. If the ALJ is suggesting the evidence cited is inconsistent with her symptom claims, the reason is insufficient because inconsistency with objective evidence is not by itself a legally sufficient reason for rejecting Plaintiff's complaints. In either case, the ALJ's discussion of Plaintiff's physical health complaints is not specific, clear, and convincing.

Defendant argues the ALJ: (1) juxtaposed Plaintiff's activities with her symptom claims; (2) documented inconsistent statements concerning drug and substance use; (3) found exam findings undermined Plaintiff's subjective complaints; and (4) cited Plaintiff's lack of treatment. ECF No. 19 at 10-13. The Court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). Here, although defendant extracted "reasons" from a few "howevers" and "yets" in the ALJ's recitation of evidence, the ALJ's analysis is inadequate to constitute specific, clear, and convincing reasons supported by substantial evidence. While all reasons discussed by the ALJ constitute "grounds invoked by the agency," *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), or "reasons the ALJ assert[ed]," *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), the ALJ's decision must still contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence which are clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms. Social Security Ruling 16-3p, 2016 WL 1119029, at *9 (effective March 16, 2016). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here, the only specific reason stated for discounting Plaintiff's symptom claims is that they are not supported by the evidence. Tr. 20. Even if substantial evidence supports this finding, as noted *supra*, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Because a lack of supporting objective evidence cannot be the only reason for rejecting a claimant's symptom claims, the ALJ's reasoning is inadequate. No other legally sufficient reason for discrediting Plaintiff's symptom testimony is cited by the ALJ. Thus, the ALJ failed to provide specific, clear, and convincing reasons for discrediting Plaintiff's symptom claims.

**B.    Medical Opinions**

Plaintiff contends the ALJ failed to properly consider the opinions of Tasmyn Bowes, Psy.D., and William Drenguis, M.D. ECF No. 15 at 13-19.

For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 416.920c.[2]

---

[2] Plaintiff asserts the "specific and legitimate" standard continues to apply despite the new regulations; Defendant argues to the contrary. ECF No. 15 at 13-15; ECF

Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  The ALJ may, but is not required, to explain how other factors were considered.  20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

    *1.  William Drenguis, M.D.*

Dr. Drenguis completed a physical evaluation in August 2019 and diagnosed chronic neck pain with history of previous motor vehicle accident.  Tr. 286-90.  On examination, Dr. Drenguis found tenderness with muscle spasm and decreased range

---

No. 19 at 14-16.  A recent Ninth Circuit decision settles the matter: "While we agree with the government that the 'specific and legitimate' standard is clearly irreconcilable with the 2017 regulations, the extent of the claimant's relationship with the medical provider - what we will refer to as 'relationship factors' - remains relevant under the new regulations."  *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).  The court goes on to note the regulations provide, "We *may, but are not required to*, explain how we considered the [relationship] factors ... when we articulate how we consider medical opinions . . . in your case record."  *Id.* at 791-92 (quoting 20 C.F.R. § 404.1520c(b)(2) (emphasis added)).

of motion but no radicular findings and concluded Plaintiff's symptoms are most consistent with a chronic cervical sprain. Tr. 289. Dr. Drenguis assessed no limitations on standing, walking, or sitting, lifting, and carrying was limited to 50 pounds occasionally and 25 pounds frequently, she could frequently climb, balance, kneel, and crouch but only occasionally stoop and crawl due to chronic cervical sprain. Tr. 289. Dr. Drenguis found Plaintiff could frequently reach and had no limits on handling, fingering, or feeling, and no environmental limitations were assessed. Tr. 289.

The ALJ found Dr. Drenguis' opinion to be persuasive and consistent with exam findings. Tr. 22. The ALJ noted some tenderness and reduced range of motion was reported, but that Plaintiff's exam findings were otherwise normal, including full strength of the upper and lower extremities, normal gain, and intact sensations. Tr. 22, 289. The ALJ concluded the exam findings are consistent with a limitation to medium exertion activities. Tr. 22.

Plaintiff argues that despite finding Dr. Drenguis' opinion to be persuasive, the ALJ failed to include a limitation to frequent reaching in the RFC. ECF No. 15 at 19. Plaintiff contends that two of the three past relevant work jobs identified at step four and that one of the three jobs additional jobs identified at step five as consistent with the RFC require constant reaching. ECF No. 15 at 19 (citing Tr. 23-24, DOT #s 529.686-014, 920.687-126, 311.677-018). Defendant argues the error is harmless because: (1) the ALJ found the RFC is consistent with past relevant work

as actually performed; and (2) there are still a sufficient number of jobs available in the national economy that Plaintiff can perform.  ECF No. 19 at 16.  Nonetheless, because this matter is remanded on other grounds, the ALJ should reconsider Dr. Drenguis' opinion and ensure that all limitations assessed are either included in the RFC or are properly rejected.  *See Vincent,* 739 F.2d at 1394.

### 2.  Tasmyn Bowes, Psy.D.

Dr. Bowes completed a Psychological/Psychiatric Evaluation form in November 2018 and diagnosed PTSD, persistent depressive disorder, methamphetamine use disorder, and alcohol use disorder.  Tr. 237-42.  Dr. Bowes assessed five marked and five severe limitations, including severe limitations in the ability to understand, remember, and persist in tasks by following detailed direction; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms.  Tr. 240.

The ALJ found Dr. Bowes' opinion to be unpersuasive because it is unsupported.  Tr. 22.  The ALJ observed that Dr. Bowes reviewed no records, and that Plaintiff was not engaged in any mental health treatment or taking any medication.  Tr. 22.  As Plaintiff observes, there were no records in this case before Dr. Bowes' exam.  ECF No. 15 at 15.  Defendant argues that this undermines

1
2
3
4
5
6
7

Plaintiff's contention that she has been disabled since 2012. ECF No. 19 at 18; Tr.

165. However, "the fact that claimant may be one of millions of people who did not

seek treatment for a mental disorder until late in the day is not a substantial basis on

which to conclude that [a doctor's] assessment of claimant's condition is

inaccurate." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The lack of

previous records to review is not a legitimate reason to find Dr. Bowes' opinion

unsupported.

8
9
10
11
12
13
14
15
16
17
18
19
20
21

　　　Dr. Bowes conducted her own examination and the ALJ should have analyzed

the supportability of the opinion in that context. The ALJ noted some findings such

as Plaintiff was cooperative and displayed normal memory, abstract thought, insight

and judgment. Tr. 22, 241. However, the ALJ failed to comment on negative

findings, like Plaintiff's grooming was marginal and disheveled, her speech was

scattered, she presented as highly anxious, shaky, overwhelmed, and tearful, her

mood was dysphoric and affect was somewhat labile, her though process was

scattered, and her perception and concentration were not within normal limits. Tr.

22, 241. The ALJ failed to address these factors. Tr. 22. If the ALJ concluded

these findings do not support Dr. Bowes' opinion, the ALJ should have explained

the basis of this conclusion. Without deciding that Dr. Bowes' opinion is or is not

supported by her findings, the court concludes the ALJ's supportability analysis is

insufficient.

Furthermore, the ALJ's consideration of substance use is unclear and not supported by substantial evidence.  Tr. 22.  The ALJ commented that, "Dr. Bowes noted the claimant as anxious and distracted throughout the evaluation.  However, she admitted to recent methamphetamine use as well as use of marijuana and alcohol." Tr. 22.  Plaintiff actually reported her last meth use was "a few months ago" and indicated that she drinks and uses pot.  Tr. 238.  If the ALJ intended to suggest that Plaintiff's anxiousness and distraction was caused by substance use, this is not supported by the record.  Dr. Bowes indicated that the effects on basic work activities are not primarily the result of a substance use disorder, and that 60 days of sobriety would not change her assessment of limitations, although Plaintiff needs dual diagnosis treatment.  Tr. 240.  The ALJ's presumed conclusion is not supported without further explanation.

With regard to consistency, the ALJ found "these factors" inconsistent with marked to severe limitations in functioning assessed by Dr. Bowes.  Tr. 22.  However, the ALJ did not explain how the findings mentioned are inconsistent with Dr. Bowes' assessment.  Tr. 22.  As discussed above, the ALJ's comments regarding Dr. Bowes' mental status exam findings are insufficiently explained.  The ALJ also commented that Plaintiff has some social limitations but noted that she has friends, shops for groceries, uses public transportation, and was cooperative.  Tr. 22, 189, 238, 299.  An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities.  *Morgan v. Comm'r of Soc. Sec.*

1  *Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).  As defendant points out, the ALJ

2  considered Plaintiff's daily activities more specifically at step three.  ECF No. 19 at

3  19; Tr. 18.  The ALJ noted that Plaintiff endorsed difficulty being around people, Tr.

4  186, but talks to her children at least three times per week, shops in stores, and

5  stayed with four to five different friends over the past few years.  Tr. 18, 188-89,

6  299.  However, the ALJ did not address the qualifications Plaintiff noted regarding

7  those activities, such as shopping at times to avoid others, and that she does not get

8  along with others because she fears they want to hurt her.  Tr. 189, 191.  The

9  evidence cited by the ALJ does not rise to the level of substantial evidence that Dr.

10  Bowes' opinion is inconsistent.  This is not a sufficient basis, without more, for

11  rejecting Dr. Bowes' opinion.

12  **C.    Past Relevant Work**

13  Plaintiff contends the ALJ improperly found Plaintiff has past relevant work.

14  ECF No. 15 at 4-6.  At step four, the ALJ considers plaintiff's ability to return to

15  past relevant work.  20 C.F.R. § 416.920(a)(4)(iv).  Past relevant work is work that

16  was done in the last fifteen years, lasted long enough for the claimant to learn it, and

17  was substantial gainful activity.  20 C.F.R. § 426.950(b)(1).  Generally, if a claimant

18  works for substantial earnings as described in the regulations, the work is found to

19  be substantial gainful activity.  20 C.F.R. § 416.974(a).  Plaintiff contends that

20  because the record is unclear as to how many months she worked in certain years,

21  her earnings should be averaged over the period of months for which she earned

disability coverage, which, according to Plaintiff, is six to 12 months per year, depending on the year. ECF No. 15 at 4. According to Plaintiff's calculations, she had no past relevant work because she did not have substantial gainful activity in any year. ECF No. 15 at 5; Tr. 179-83. Defendant argues Plaintiff's calculation is not supported by the regulations and that her earnings could be attributed to any one-month period in which she earned disability coverage. ECF No. 19 at 3-4.

The court need not decide this issue. Even if the ALJ's finding regarding substantial gainful activity was based on error, the ALJ's made an alternative finding at step five. *Robbins*, 466 F.3d at 885 (holding that error that is inconsequential to the ultimate nondisability determination is harmless error). *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 -1043 (9th Cir. 2008). However, due to other errors made by the ALJ and the necessity to reconsider the sequential evaluation, step four must also be reconsidered on remand. The ALJ should ensure any finding at step four that Plaintiff is capable of performing past relevant work is based on finding about substantial gainful activity according to the applicable law and regulations and supported by substantial evidence.

**D.    Literacy**

Plaintiff contends the ALJ failed to consider Plaintiff's literacy at step five. ECF No. 15 at 19. At step five, the ALJ considers the claimant's RFC, age, education, and work experience to see if other work is available. 20 C.F.R. §§ 416.920(a)(v), 416.960(c)(1). Education is typically evaluated by using the

numerical grade level completed in school unless there is evidence that the numerical grade level does not represent the claimant's actual abilities.  20 C.F.R. § 416.964(b).  The ALJ found that Plaintiff has a "limited education" (Tr. 23), meaning having "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs.  We generally consider that a 7th grade through the 11th grade level of formal education is a limited education." 20 C.F.R. § 416.964(b)(3).  The ALJ noted that Plaintiff testified her "[r]eading is not good," she can read "The Cat in the Hat," and would have difficulty reading a newspaper (Tr. 20) but did not otherwise discuss her literacy.

Plaintiff suggests the evidence contradicts the assumption of literacy based on her education.  ECF No. 15 at 19.  "Illiteracy means an inability to read or write.  We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name.  Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. § 416.964(b)(1); *see* Social Security Ruling 20-01p, 2020 WL 1285114 (effective March 9, 2020).  Plaintiff cites her testimony that she "went into 9th grade" in school (Tr. 40), was in special education (Tr. 41), could not read a newspaper article (Tr. 41), and said she could read "Cat in the Hat" children's book but "I make up my own story" (Tr. 41).  Plaintiff concludes this is evidence that she is illiterate.  ECF No. 15 at 20.

Defendant observes the ALJ's finding is consistent with Plaintiff's testimony that she attended school until ninth grade.  ECF No. 19 at 6 (citing Tr. 195).  Since this matter is remanded on other grounds, and without deciding whether the ALJ erred on this issue, the court concludes the ALJ shall reconsider and make a finding regarding Plaintiff's literacy as part of the step five finding (if such finding is necessary) on remand.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is GRANTED.

2. Defendant's Motion for Summary Judgment, ECF No. 19, is DENIED.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 20, 2022.

LONNY R. SUKO
Senior United States District Judge

ORDER - 22